UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

MAYRA MIRANDA                                              :

                       Plaintiffs,        :        Civil No.:

    -against-                                      :

                                      :

ROMULO LUZURIAGA and TOMMY TRUCKING,        **NOTICE OF REMOVAL**
LLC                                              :        **TRIAL BY JURY**
                                    **DEMANDED**

                              :

                    Defendants.        :

                                     :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

TO:   **THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NEW YORK**

       PLEASE TAKE NOTICE, that defendants ROMULO LUZURIAGA and TOMMY

TRUCKING, LLC, by and through their attorneys Donohue Law Firm PC, hereby remove this

action, pursuant to 28 U.S.C. Sec. 1332(a), 1441 and 1446 to the United States District Court for

the Eastern District of New York.  In support of this Notice of Removal, ROMULO LUZURIAGA

and TOMMY TRUCKING, LLC state the following:

       1.      On November 24, 2021 plaintiff commenced an action in the Supreme Court of the

State of New York, Kings County, captioned <u>MAYRA MIRANDA v. ROMULO LUZURIAGA</u>

<u>and TOMMY TRUCKING, LLC</u>, Index No. 530180/2021. A true and correct copy of the

Summons and Complaint is attached as **Exhibit 1.**

       2.      The Summons and Complaint asserts claims against ROMULO LUZURIAGA and

TOMMY TRUCKING, LLC for alleged negligence with regard to a motor vehicle accident on

June 1, 2021, on 330 West 57th Street, New York, New York.

3.      On December 2, 2021, Defendant ROMULO LUZURIAGA was served with the Summons and Complaint. **Exhibit 2.**

4.      Defendant TOMMY TRUCKING LLC has not been served with the Summons and Complaint to date.

5.      On December 28, 2021, ROMULO LUZURIAGA and TOMMY TRUCKING, LLC filed an Answer to the Complaint, a true and correct copy of which is attached as **Exhibit 3**.

6.      This Notice of Removal is being filed in the United States District Court for the Eastern District of New York, the district in which the case is pending.

7.      As required by 28 U.S.C. 1446 (b) (3), this Notice of Removal is being filed within thirty days of defendant's receipt of plaintiff's Complaint which, while not enumerating a dollar amount, specifically demands judgment in an amount in excess of the amount set forth in 28 USC 1332(a), exclusive of interest and costs. **Exhibit 1, ¶ 26.**

8.      This Court has original jurisdiction over this action under 28 U.S.C. 1332 (a) (1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP

9.      The Complaint alleges that plaintiff's place of residence was at all relevant times Kings County, New York, thereby making her citizen of the State of New York for diversity purposes. *See, Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc v. Dish Network, L.L.C.*, No. 15 Civ.1094, 2016 WL 1060328, at * 7 (S.D.N.Y.Mar. 15, 2016) (""[A]n individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile'- which in turn determines citizenship." (quoting *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986))).

10.     Plaintiff MAYRA MIRANDA was and is a resident of Kings County, New York, residing at 56 Bay 47th Street, Brooklyn, New York.

11.     The defendant ROMULO LUZURIAGA was and is a resident of New Jersey, residing at 214 Grafton Avenue, Newark, New Jersey 07104.

12.     The defendant  DDDE TRUCKING, LLC was and is a corporation incorporated in New Jersey and with its principal place of business located at  394 Park Avenue, Orange, New Jersey 07050.

13.     Plaintiff is a New York citizen and defendants are residents of New Jersey and, as a result, the parties are completely diverse pursuant to 28 U.S.C. 1332 (a).

**AMOUNT IN CONTROVERSY**

14.     Diversity jurisdiction under 28 U.S.C. 1332 also requires that the amount in controversy exclusive of interest and costs, be in excess of $75,000.

15.     The Complaint, deliberately not enumerating a dollar amount, specifically alleges damages in excess of the amount set forth in 28 USC 1332(a), exclusive of interest and costs. **Exhibit 1, ¶ 26.**

16.     Complete diversity exists between plaintiffs, citizens of New York, and ROMULO LUZURIAGA and TOMMY TRUCKING, LLC, citizens of New Jersey, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. 1332 (a).

17.     ROMULO LUZURIAGA and TOMMY TRUCKING, LLC will provide plaintiffs with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. 1446 (d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, where the Complaint was originally filed.

**WHEREFORE**, ROMULO LUZURIAGA and TOMMY TRUCKING, LLC request that this action be removed from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.

Dated: December 28, 2021

BY:  _s/ Robert D. Donohue_
ROBERT D. DONOHUE
DONOHUE LAW FIRM, P.C.
Attorneys for Defendants
745 5TH AVENUE, 5TH FLOOR
New York, NY  10151
(212) 972-5252


TO:    Gene L. Chertock, Esq.
       SUBIN ASSOCIATES, LLP
       Attorneys for Plaintiff
       150 Broadway – 23rd Floor
       NY, NY 10038
       (212) 285-3800
       File #: 33029

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

= = = = = = = = = = = = = = = = = = = = = = = = = =X

MAYRA MIRANDA

                     Plaintiff,

       -against-

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

                    Defendants.

= = = = = = = = = = = = = = = = = = = = = = = = = =X

Index No.:
Date of Purchase:
**SUMMONS**
Plaintiff designates
KINGS
County as the place of trial
The basis of the venue is:
Plaintiff's residence
56 Bay 47th Street
Brooklyn, New York 11214

County of KINGS

To the above named defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       November 23, 2021

                                **SUBIN ASSOCIATES** LLP

                                BY:
                                *Gene L. Chertock*
                                **GENE L. CHERTOCK, ESQ.**
                                Attorneys for Plaintiff
                                Address and Telephone Number
                                150 Broadway – 23rd Fl
                                New York, New York 10038
                                (212) 285-3800
                                FILE NO.: 33029

Defendants Address:

Romulo Luzuriaga
214 Grafton Avenue
Newark, NJ 07104

Tommy Trucking LLC
394 Park Avenue
Orange, NJ 07050

Tommy Trucking LLC
9 Barton Drive
West Orange, NJ 07052

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
===========================X
MAYRA MIRANDA                                    **VERIFIED COMPLAINT**
                        Plaintiff,

        -against-


ROMULO LUZURIAGA AND TOMMY TRUCKING LLC,

                        Defendants.
===========================X

        Plaintiff **MAYRA MIRANDA,** by her attorneys **SUBIN ASSOCIATES LLP**,

complaining of the defendants herein, respectfully shows to this Court and allege(s) as follows:

        1.      That at all the times hereinafter alleged, the plaintiff **MAYRA MIRANDA** was

a resident of the County of Kings, City and State of New York.

        2.      That at all the times hereinafter alleged, **MAYRA MIRANDA** owned a motor

vehicle bearing license plate number KGE2091NY State.

        3.      That at all the times hereinafter alleged, **MAYRA MIRANDA** operated a motor

vehicle bearing license plate number KGE2091 NY State.

        4.      That at all the times hereinafter alleged, and upon information and belief, the

defendant **TOMMY TRUCKING LLC** was and still is a corporation and/or Limited Liability

Company organized and existing under and by virtue of the laws of the State of New Jersey

and doing business in the State of New York.

        5.      That at all the times hereinafter alleged, and upon information and belief, the

defendant **TOMMY TRUCKING LLC** was the titled owner of a motor vehicle bearing

license plate number AT953G New Jersey State.

        6.      That at all the times hereinafter alleged, and upon information and belief, the

defendant **TOMMY TRUCKING LLC** was the registered owner of a motor vehicle bearing

license number AT953G New Jersey State.

        7.      That at all the times hereinafter alleged, and upon information and belief, the

defendant **ROMULO LUZURIAGA** operated a motor vehicle bearing license plate number

AT953G New Jersey State.

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 8 of 34 PageID #: 8

8.      That at all the times hereinafter alleged, and upon information and belief, the defendant **TOMMY TRUCKING LLC** maintained the motor vehicle bearing the aforementioned license plate number.

9.      That at all the times hereinafter alleged, and upon information and belief, the defendant **TOMMY TRUCKING LLC** managed the motor vehicle bearing the aforementioned license plate number.

10.      That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** controlled the motor vehicle bearing the aforementioned license plate number.

11.      That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** operated a motor vehicle bearing the aforementioned license plate number with the knowledge, permission and consent of defendant **TOMMY TRUCKING LLC.**

12.      That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** operated a motor vehicle bearing the aforementioned license plate number within the scope of the knowledge, permission and consent granted by the defendant **TOMMY TRUCKING LLC.**

13.      That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** controlled a motor vehicle bearing the aforementioned license plate number with the knowledge, permission and consent of defendant **TOMMY TRUCKING LLC**.

14.      That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** controlled a motor vehicle bearing the aforementioned license plate number within the scope of the knowledge, permission and consent granted by the defendant **TOMMY TRUCKING LLC**.

15.      That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** controlled a motor vehicle bearing the aforementioned

license plate number in the course of his employment with defendant **TOMMY TRUCKING LLC,** or other employers.

16.     That at all the times hereinafter alleged, and upon information and belief, the defendant **ROMULO LUZURIAGA** operated a motor vehicle bearing the aforementioned license plate number in the course of his employment with defendant **TOMMY TRUCKING LLC,** or other employers.

17.     That at all of the times hereinafter mentioned, the roadway in front of 330 West 57th Street, in the County of New York, City and State of New York was and still is a public roadway used extensively by the public in general.

18.     That on 03/18/2021, at the aforesaid location, the motor vehicle bearing the aforementioned license plate number came into contact with the vehicle in which plaintiff was seated.

19.     That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle without this plaintiff in any way contributing thereto.

20.     That by reason of the foregoing and the negligence of the defendants, the plaintiff **MAYRA MIRANDA** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

21.     That by reason of the foregoing, the plaintiff **MAYRA MIRANDA** was compelled to and did necessarily require medical aid and attention, did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff will necessarily incur similar expenses.

22.     That by reason of the foregoing, the plaintiff **MAYRA MIRANDA** has been unable to attend to her usual occupation in the manner required.

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 10 of 34 PageID #: 10

23.     That by reason of the wrongful, negligent and unlawful actions of the defendants as aforesaid, the plaintiff **MAYRA MIRANDA** sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

24.     That one or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

25.     That as a result of the foregoing, the plaintiff, **MAYRA MIRANDA**, sustained damages in an amount that exceeds the jurisdictional limits of the lower Courts.

26.     Due to the abovesaid, plaintiff is entitled to damages in a sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

WHEREFORE, the plaintiff demands judgment against the defendant in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
      November 23, 2021

                    SUBIN ASSOCIATES LLP
                    BY:

                    *Gene L. Chertock*
                    **GENE L. CHERTOCK, ESQ.**
                    Attorneys for Plaintiff
                    150 Broadway – 23rd Fl
                    New York, New York  10038
                    (212) 285-3800
                    FILE NO.: 33029

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 11 of 34 PageID #: 11

STATE OF NEW YORK)
      ) ss
COUNTY OF NEW YORK)

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
      November 23, 2021

                    *Robert J. Eisen*
                    **ROBERT J. EISEN, ESQ.**

Index No.

SUPREME COURT OF THE START OF NEW YORK
COUNTY OF KINGS
=============================
MAYRA MIRANDA,

                              Plaintiff,

          -against-

ROMULO LUZURIAGA AND TOMMY TRUCKING LLC,

                              Defendants.
=========================================

### SUMMONS AND VERIFIED COMPLAINT

=========================================

### SUBIN ASSOCIATES LLP
Attorneys for Plaintiff
Office and Post Office Address, Telephone
150 Broadway – 23rd Fl
New York, New York  10038
(212) 285-3800
File No.: 33029

# EXHIBIT 2

FILED: KINGS COUNTY CLERK 12/08/2021 01:28 PM INDEX NO. 530180/2021

NYSCEF DOC. NO. 3 Case 1:21-cv-07148-ARR-SJB Document 1 Filed 12/28/21 Page 14 of 34 PageID #: 14 RECEIVED NYSCEF: 12/08/2021



P5727243

NJSUBCOURT - SUITABLE AT BUSINESS

**SUBIN ASSOCIATES, LLP**   Justin Hurowitz
SUPREME COURT KINGS COUNTY STATE OF NEW YORK

MAYRA MIRANDA

                                          PLAINTIFF

                 - vs -

ROMULO LUZURIAGA, ETAL

                                       DEFENDANT

index No. **530180/2021**
Date Filed
Office No. **33029**
Court Date.

STATE OF NEW JERSEY, COUNTY OF UNION      :SS:

**WILLMARIE DELATORRE** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New Jersey. That on the **02ND** day of **DECEMBER, 2021 9:19 AM** at

    **214 GRAFTON AVE**

    **NEWARK NJ 07104**
I served the **SUMMONS AND VERIFIED COMPLAINT**
upon **ROMULO LUZURIAGA**
**the DEFENDANT** therein named by delivering and leaving a true copy or copies of the aforementioned documents with **PABLO, BROTHER**
a person of suitable age and discretion.
    Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.

SEX: **MALE**   COLOR: **WHITE** HAIR: **BLACK**

APP.AGE: **48** APP. HT: **5'1** APP. WT: **160**

OTHER IDENTIFYING FEATURES

On **12/03/2021** I deposited in the United States mail another true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the said **DEFENDANT** at the above address. That being
**upon information and belief, the usual place of abode, last known residence of the DEFENDANT.**

Copy mailed 1st class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

Sworn to before me this
06TH day of DECEMBER, 2021

MARCY BLICHARZ
Notary Public, State of New Jersey
No. 2457386
Qualified in
Commission Expires 01/03/2023

PM Legal
219 South Street, STE 102
New Providence, NJ 07974
908-891-0273

WILLMARIE DELATORRE
PM Legal, LLC
219 South Street, STE 102
New Providence, NJ 07974
908-897-0273
NEW YORK, NY 10001
Client File Number: 33029
SUBIN ASSOCIATES, LLP

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 15 of 34 PageID #: 15

===================================================================

Index No. 530180/2021

SUPREME COURT KINGS COUNTY STATE OF NEW YORK

===================================================================

MAYRA MIRANDA

                  PLAINTIFF

     - against -
ROMULO LUZURIAGA, ETAL

                  DEFENDANT
===================================================================

SUMMONS AND VERIFIED COMPLAINT

===================================================================

SUBIN ASSOCIATES, LLP

150 BROADWAY
23RD FLOOR
NEW YORK, NY 10038

(212)-285-3800

# EXHIBIT 3

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 17 of 34 PageID #: 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MAYRA MIRANDA,                                  Index No.: 530180/2021

                  Plaintiff,

                                                **VERIFIED ANSWER**

      -against-


ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

                  Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

      Defendants, ROMULO LUZURIAGA and TOMMY TRUCKING LLC by and through

their attorneys, DONOHUE LAW FIRM, P.C., answering the Plaintiff's Verified Complaint,

upon information and belief, state as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of the Verified Complaint as contained in the paragraphs thereof numbered "1", "2",

"3" and "17".

2.      Deny each and every allegation of the Verified Complaint as contained in the paragraph

thereof numbered "4", except admit that TOMMY TRUCKING LLC was and still is a

corporation and/or Limited Liability Company organized and existing under and by virtue of the

laws of the State of New Jersey, and leave all questions of law to this honorable court.

3.      Deny each and every allegation of the Verified Complaint as contained in the paragraphs

thereof numbered "8", "9", "10", "13", "14", "15" and "16", and leave all questions of law to this

honorable court.

Case 1:21-cv-07148-ARR-SJB Document 1 Filed 12/28/21 Page 18 of 34 PageID #: 18

4.     Deny each and every allegation of the Verified Complaint as contained in the paragraphs thereof numbered "18", "19", "20", "21", "22", "23", "24", "25" and "26".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.     That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.     The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.     Plaintiff did not sustain a serious injury as defined by Section 5102 of the Insurance law of the State of New York and their exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.     Plaintiff's cause of action is barred by Article 51, Section 5103 of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.     Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of the answering defendants.

2

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.     The Complaint should be dismissed for failure to state a cause of action against the answering defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.     Upon information and belief, plaintiff failed to use or misused available seat belts, and thereby contributed to the alleged injuries.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.     The Complaint should be dismissed on the ground that the Court lacks personal jurisdiction over the answering defendants.


        **WHEREFORE**, the answering defendants demand judgment dismissing the Verified Complaint, together with the costs and disbursements of this action, including attorneys' fees.

Dated:   New York, New York
         December 28, 2021


                              BY:  _____*Robert D. Donohue*_____
                              ROBERT D. DONOHUE
                              DONOHUE LAW FIRM, P.C.
                              Attorneys for Defendants
                              ROMULO LUZURIAGA and TOMMY
                              TRUCKING LLC
                              745 5th Avenue, 5th Floor
                              New York, NY 10151
                              (212) 972-5252

To:     Gene L. Chertock, Esq.
        SUBIN ASSOCIATES LLP
        Attorneys for Plaintiff
        150 Broadway - 23rd Fl
        New York, NY  10038
        212-285-3800

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 20 of 34 PageID #: 20

## **VERIFICATION**

ROBERT D. DONOHUE, an attorney admitted to practice in the Courts of the State of New York, affirm: that I am a member of the firm DONOHUE LAW FIRM, P.C., attorneys of record for the defendants, ROMULO LUZURIAGA and TOMMY TRUCKING LLC in the within action; that I have read the foregoing Verified Answer and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.  I further say that the reason this verification is made by me and not by the defendants is that the answering defendants do not reside or maintain a place of business within the County of New York where I maintain my office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: the records of the defendants made available to me.

I affirm that the foregoing statements are true, under penalties of perjury.


Dated:    New York, New York
          December 28, 2021

                                              *Robert D. Donohue*
                                    _____
                                    ROBERT D. DONOHUE

4

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 21 of 34 PageID #: 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MAYRA MIRANDA,

      Plaintiff,

  -against-

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

      Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Index No.: 530180/2021

**NOTICE TO TAKE
DEPOSITION UPON ORAL
EXAMINATION**

S I R S:

   PLEASE TAKE NOTICE that, pursuant to Article 31 of the Civil Practice Law and

Rules, the testimony upon oral examination of the plaintiff will be taken before a Notary Public

who is not an attorney, or employee of any attorney, for any party or prospective party herein,

and is not a person who would be disqualified to act as a juror because of interest or because of

consanguinity or affinity to any person herein at the offices of DONOHUE LAW FIRM, P.C.,

745 5TH AVENUE, 5TH FLOOR, New York, New York at 10:00 a.m. on January 28, 2022 at

10:00 a.m.

Dated: New York, New York
    December 28, 2021

        BY: *Robert D. Donohue*
        ROBERT D. DONOHUE
        DONOHUE LAW FIRM, P.C.
        Attorneys for Defendants
        ROMULO LUZURIAGA and TOMMY
        TRUCKING LLC
        745 5TH AVENUE, 5TH FLOOR
        NEW YORK, NY 10151
        (212) 972-5252

To:    Gene L. Chertock, Esq.
        SUBIN ASSOCIATES LLP
        Attorneys for Plaintiff
        150 Broadway - 23rd Fl
        New York, NY 10038
        212-285-3800

2

INDEX NO. 530180/2021
RECEIVED NYSCEF: 12/28/2021
Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 23 of 34 PageID #: 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MAYRA MIRANDA,

                           Plaintiff,

        -against-

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

                        Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Index No.: 530180/2021

**DEMAND FOR A VERIFIED
BILL OF PARTICULARS**

S I R S:

      PLEASE TAKE NOTICE that pursuant to the provisions of the Civil Practice Law and

Rules, the undersigned hereby demands that you serve upon them, within twenty (20) days, a

Verified Bill of Particulars of the plaintiff's claim as alleged in the Complaint, setting forth

specifically and in detail the answers to the following items.

1.     The approximate time of day that the alleged accident occurred, giving the day, month, year and approximate hour thereof.

2.     The approximate place and location where the alleged accident occurred showing on what street or road, with the name thereof, if it occurred at intersecting streets, the names thereof and the particular part of the intersection; if it occurred between intersecting streets, the names thereof and the distance from the intersection.

3.     The general direction and on what street or road, with the name thereof, that it is claimed the plaintiff's motor vehicle was proceeding at the time.

4.     The general direction and on what street or road, with the name thereof, that it is claimed defendants' motor vehicles were proceeding at the time of the alleged accident.

5.     A general statement of the acts of negligence on the part of the defendants, of which plaintiff complain.

6.    The nature, location, extent and duration of each and every injury claimed to have been sustained by plaintiff as a result of the alleged accident.

7.    A.    Set forth which of the above injuries plaintiff will claim are "serious injuries" within the scope, definition and meaning of Section 5102(d) of the Insurance Law, and

      B.    Specify in what manner plaintiff will claim the injuries are "serious injuries".

8.    The age of plaintiff at the time of the alleged accident, and the length of time, if any, plaintiff was:

      a.    confined to a hospital;
      b.    confined to home;
      c.    confined to bed;
      d.    received medical care and attention, hospitalization, etc.

9.    The amounts of money expended by plaintiff for medical care and attention.

10.   State in what respect plaintiff have sustained serious injuries or suffered economic loss greater than the basic loss as defined under Section 5102(4) of the New York State Insurance Law.

11.   The nature of the usual occupation or vocation of the plaintiff at the time of the alleged accident, the amount of salary or income which he received therefrom, the length of time they were unable to pursue their usual occupation or vocation, and the amount of salary or income which they lost by reason thereof.

12.   The name and address of the employer(s) of plaintiff at the time of the alleged accident.

13.   The particular provision of the rules, regulations, statutes and ordinances of the State of New York with the title, article and section number thereof which it is claimed the defendants violated.

14.   If the Complaint alleges loss of or damage to an item of personal property, set forth separately as to each item:

      a)    A full and complete description of such item, its date of manufacture or creation, the date of its acquisition by the plaintiff, the cost of acquisition by the plaintiff, and the name of the person, firm or corporation from whom it was acquired.
      b)    A full and complete description of the physical damage claimed.

2

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 25 of 34 PageID #: 25

c)      The amount of damage claimed and the manner in which such amounts have been computed, including in such computation any tax benefits claimed or reported on any tax return.

d)      Whether any of the items set forth in subparagraph (a) above have been disposed of, repaired or replaced, and if so, set forth:

    i)      For each item disposed of, the manner of disposition, the date of disposition, the name of the person, firm or corporation to whom the item was transferred and the consideration therefor.

    ii)      For each item repaired, the date of the repair, the name of the party who made the repair, and the cost of repair.

    iii)      For each item replaced, the date and cost of replacement, and the name or corporation from whom the replacement was obtained.

PLEASE TAKE FURTHER NOTICE, that in case of your failure to serve said Bill of Particulars as demanded, we will move for an Order precluding the plaintiff from giving any evidence at the trial of this action concerning the matters contained in said demands.

Dated:  New York, New York
      December 28, 2021

BY:   *Robert D. Donohue*
ROBERT D. DONOHUE
DONOHUE LAW FIRM, P.C.
Attorneys for Defendants
ROMULO LUZURIAGA and TOMMY
TRUCKING LLC
745 5TH AVENUE, 5TH FLOOR
NEW YORK, NY 10151
(212) 972-5252

To:     Gene L. Chertock, Esq.
      SUBIN ASSOCIATES LLP
      Attorneys for Plaintiff
      150 Broadway - 23rd Fl
      New York, NY  10038
      212-285-3800

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MAYRA MIRANDA,

                     Plaintiff,

        -against-

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

                 Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Index No.: 530180/2021

**DMAND FOR COLLATERAL
SOURCE INFORMATION**

S I R S:

       PLEASE TAKE NOTICE, that you are hereby required to furnish to the undersigned

within twenty (20) days hereof pursuant to 3101 of the CPLR, all documents, bills, invoices,

receipts or canceled checks concerning indemnification, payment and/or reimbursements, in

whole or in part, which plaintiff have received from collateral sources, including but not limited

to insurance, for economic losses which the plaintiff will claim as special damages in this action.

       PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and should any of

the information requested become available or known in the future, then you are required to

furnish same at such time.

Dated: New York, New York
        December 28, 2021

                      BY:   *Robert D. Donohue*
                      ROBERT D. DONOHUE
                      DONOHUE LAW FIRM, P.C.
                      Attorneys for Defendants
                      ROMULO LUZURIAGA and TOMMY
                      TRUCKING LLC
                      745 5TH AVENUE, 5TH FLOOR
                      NEW YORK, NY 10151
                      (212) 972-5252

To:    Gene L. Chertock, Esq.
        SUBIN ASSOCIATES LLP
        Attorneys for Plaintiff
        150 Broadway - 23rd Fl
        New York, NY  10038
        212-285-3800

2

Case 1:21-cv-07148-ARR-SJB Document 1 Filed 12/28/21 Page 28 of 34 PageID #: 28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

MAYRA MIRANDA,

       Plaintiff,      Index No.: 530180/2021

  -against-

               **DEMAND FOR INFORMATION**

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

       Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

S I R S:

    PLEASE TAKE NOTICE, that you are hereby required to serve upon and deliver to the

undersigned, the following:

  1.  Pursuant to Rule 2103(e) of the CPLR, a list of those attorneys
who have appeared in this action, together with their addresses and
the name of the party for whom such attorney has appeared.

  2.  Pursuant to Section 3101(e) of the CPLR, a copy of any statement
given by or on behalf of any answering defendants serving this
notice.

  3.  Copies of the medical reports of those physicians who have
previously treated or examined the party seeking recovery for the
conditions claimed in this lawsuit. These shall include a detailed
recital of the injuries and conditions as to which testimony will be
offered at the trial, referring to and identifying those X-ray and
technicians' reports which will be offered at the trial.

  4.  Copies of the medical reports of those physicians who will testify
on behalf of the party seeking recovery. These shall include a
detailed recital of the injuries and conditions as to which testimony
will be offered at the trial, referring to and identifying those X-ray
and technicians' reports which will be offered at the trial.

5.   A copy of the written report of the subject accident prepared by any adverse party for submission and filing with the State of New York Department of Motor Vehicles commonly known as MV104.

6.   All photographs under the control of adverse parties or the attorneys or representative of the adverse parties showing the conditions of the accident site to be alleged to represent said site as of the time of the occurrence and intended to be introduced at the trial for this purpose.

7.   Photographs taken of the vehicle of any adverse party showing the extent of the damage, if any, to the adverse party's vehicle following the accident herein.

8.   Plaintiff's income tax returns for the calendar year of the occurrence and the two preceding calendar years.

9.   The name and address of plaintiff's employers and authorizations to secure employment records from all of the plaintiff's employers during the calendar year of the occurrence up to and including the present.

10.  Duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records, and such other records including X-ray and technicians' reports as may be referred to and identified in the statement of the examined party's physicians.

11.  The name and address of any school attended by the plaintiff during the calendar years subsequent to the occurrence up to and including the present; and authorizations to secure the school records of any of the aforementioned schools attended by the plaintiff during the periods so specified.

12.  A duly executed and acknowledged written authorization permitting all parties to obtain and make copies of the plaintiff's no-fault file.

13.  Copy of the autopsy report.

PLEASE TAKE NOTICE, that said discovery is to take place on December 6, 2021 at the offices of the undersigned, or a written communication enclosing the aforerequested

2

information may be sent prior to the above-mentioned time in lieu of a personal appearance on

that date.

Dated:   New York, New York
             December 28, 2021

                                              BY:___*Robert D. Donohue*_____
                                              ROBERT D. DONOHUE
                                              DONOHUE LAW FIRM, P.C.
                                              Attorneys for Defendants
                                              ROMULO LUZURIAGA and TOMMY
                                              TRUCKING LLC
                                              745 5TH AVENUE, 5TH FLOOR
                                              NEW YORK, NY 10151
                                              (212) 972-5252

To:    Gene L. Chertock, Esq.
       SUBIN ASSOCIATES LLP
       Attorneys for Plaintiff
       150 Broadway - 23rd Fl
       New York, NY  10038
       212-285-3800

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 31 of 34 PageID #: 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MAYRA MIRANDA,

       Plaintiff,      Index No.: 530180/2021

   -against-

              **DEMAND FOR WITNESSES**

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

       Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

S I R S:

   PLEASE TAKE NOTICE, that pursuant to CPLR 310(a), and the cases of Zellman v.
Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255, and Zayas v. Morales, 45
A.D.2d 610, 360 N.Y.S.2d 279, and the defendants' demand, you are requested to produce and permit
discovery by its attorneys or another acting on its behalf of the following:

    Names and addresses of all persons claimed by parties you represent herein to have either
    witnessed the occurrence or to have firsthand knowledge of same, or to have notice of the
    conditions proximately causing this occurrence, or having firsthand knowledge of facts
    and circumstances regarding this occurrence whether by the parties you represent at the
    scene of the occurrence or thereafter obtained by said attorneys or representatives.  If no
    such persons are known to said parties or representatives, so state in reply to this demand.
    The defendants will object at time of trial of this action to the testimony of any person
    not so identified.

   PLEASE TAKE FURTHER NOTICE, that if the party you represent obtains names and
addresses of persons who witnessed the occurrence or have firsthand knowledge of same, subsequent to
the service of this notice, such information is to be furnished to the defendant whenever so obtained.  The
defendants will object at the time of trial of this action to the testimony of any person not so identified.

Case 1:21-cv-07148-ARR-SJB Document 1 Filed 12/28/21 Page 32 of 34 PageID #: 32

PLEASE TAKE NOTICE, that said discovery is to take place on December 6, 2021 at the offices

of the undersigned, or a written communication enclosing the aforerequested information may be sent

prior to the above-mentioned time in lieu of a personal appearance on that date.


Dated:    New York, New York
          December 28, 2021


                              BY:   *Robert D. Donohue*
                              ROBERT D. DONOHUE
                              DONOHUE LAW FIRM, P.C.
                              Attorneys for Defendants
                              ROMULO LUZURIAGA and TOMMY
                              TRUCKING LLC
                              745 5TH AVENUE, 5TH FLOOR
                              NEW YORK, NY 10151
                              (212) 972-5252


To:    Gene L. Chertock, Esq.
       SUBIN ASSOCIATES LLP
       Attorneys for Plaintiff
       150 Broadway - 23rd Fl
       New York, NY  10038
       212-285-3800


2

Case 1:21-cv-07148-ARR-SJB   Document 1   Filed 12/28/21   Page 33 of 34 PageID #: 33

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

MAYRA MIRANDA,

                   Plaintiff,                    Index No.: 530180/2021

      -against-

                               **DEMAND FOR STATEMENT
OF DAMAGES**

ROMULO LUZURIAGA AND TOMMY TRUCKING
LLC,

                   Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

S I R S:

      PLEASE TAKE NOTICE, that you are hereby required to serve upon and deliver to the

undersigned, the following:

      1.Set forth the total damages which plaintiff allege to be entitled.

      PLEASE TAKE FURTHER NOTICE, that failure to comply with the above-mentioned request

will render the plaintiff subject to available provisions provided under the CPLR.

      PLEASE TAKE FURTHER NOTICE, that this is a continuing demand and should any of the

information requested become available or known in the future, then you are required to furnish same at

such time.

Dated:    New York, New York
           December 28, 2021

                             BY:   *Robert D. Donohue*
                             ROBERT D. DONOHUE
                             DONOHUE LAW FIRM, P.C.
                             Attorneys for Defendants
                             ROMULO LUZURIAGA and TOMMY
                             TRUCKING LLC
                             745 5TH AVENUE, 5TH FLOOR
                             NEW YORK, NY 10151
                             (212) 972-5252

To:    Gene L. Chertock, Esq.
        SUBIN ASSOCIATES LLP
        Attorneys for Plaintiff
        150 Broadway - 23rd Fl
        New York, NY  10038
        212-285-3800