UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAYRA MIRANDA,

                                            Plaintiff,

                                                        **REPORT &**
                                                        **RECOMMENDATION**
               -against-                            21-CV-07148-ARR-SJB

ROMULO LUZURIAGA, and TOMMY TRUCKING,
LLC,
                                            Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       On December 28, 2021, Romulo Luzuriaga and Tommy Trucking, LLC ("Defendants") filed a Notice of Removal from New York State court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice of Removal dated Dec. 28, 2022 ("Notice"), Dkt. No. 1). Although Plaintiff in this case has not filed a motion to remand, "a district court [may], at any time, . . . remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction." *Torres v. O'Brien-Briggs*, No. 20-CV-5360, 2020 WL 7024368, at *2 (E.D.N.Y. Nov. 30, 2020) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006)).

       "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). Section 1332(a) requires complete diversity among the plaintiffs and defendants for a federal court to exercise diversity jurisdiction. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). For the purposes of

diversity, a limited liability company takes the citizenship of each of its members. *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). And "[f]or purposes of diversity jurisdiction, a party's citizenship depends on [her] domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

On January 3, 2022 the Court issued an Order to Show Cause requiring Defendants to show cause by January 10, 2022 why the case should not be remanded based on failure to allege complete diversity and failure to establish that the amount in controversy exceeds $75,000. (Order to Show Cause dated Jan. 3, 2022). Defendants failed to respond. Because Defendants have failed to respond to the Court's Order to Show Cause and assert a basis for subject matter jurisdiction, Defendants have not met their burden. *Gaton De Leon v. Senat Poultry, LLC*, No. 19-CV-2268, 2019 WL 3714753, at *2 (E.D.N.Y. May 14, 2019), *report and recommendation adopted*, 2019 WL 3714588, at *1 (E.D.N.Y. June 3, 2019). Therefore, for the same reasons as stated in the Court's Order to Show Cause, the Court respectfully recommends that this action be remanded to New York State Supreme Court, Kings County.

Defendants allege diversity exists because Plaintiff is a citizen of New York, Defendant Romulo Luzuriaga is a citizen of New Jersey, and Defendant "DDDE Trucking, LLC" . . . "is a corporation incorporated in New Jersey and with its principal place of business" in New Jersey. (Notice ¶¶ 10–12). As the Court noted in its Order to Show Cause, it presumes the reference to "DDE Trucking, LLC" is a typographical error since the named defendant in this action is "Tommy Trucking, LLC" which the Notice of Removal states is also a citizen of New Jersey. (*Id.* ¶ 16). The papers in support of this motion do not specify whether Tommy Trucking LLC is a corporation or an LLC, but its

name suggests the latter, and its citizenship is therefore defined by its member's citizenship.

The Complaint states that "upon information and belief" Tommy Trucking, LLC "is a corporation and/or Limited Liability Company organized and existing under and by virtue of the laws of the State of New Jersey and doing business in the State of New York." (Compl. dated Nov. 23, 2021, attached as Ex. 1 to Notice ¶ 4). However, the Complaint does not disclose Tommy Trucking, LLC's members or their citizenship for the purposes of diversity. Nor does the Answer, which simply states that Tommy Trucking LLC "is a corporation and/or Limited Liability Company organized and existing under and by virtue of the laws of the State of New Jersey[.]" (Answer dated Dec. 28, 2021 attached as Ex. 3 to Notice ¶ 2). This does not provide a sufficient basis on which to establish diversity jurisdiction. *E.g.*, *ESPN, Inc. v. N. Pole, Ltd.*, No. 08-CV-9483, 2009 WL 176624, at \*2 (S.D.N.Y. Jan. 22, 2009) ("[None] of the papers filed in opposition to the motion to remand reveals who the constituent members of North Pole US, LLC are, or where they are incorporated and have their principal places of business. Therefore, the court cannot determine whether diversity of citizenship exists."); *Brown v. Diversified Maint. Sys., LLC*, No. 16-CV-230, 2016 WL 3207712, at \*3 (W.D.N.Y. June 10, 2016) (granting motion to remand for failure to establish diversity jurisdiction where LLC "defendant never affirmatively state[d] its citizenship") (collecting cases).

In addition, Defendants have failed to establish that there is a sufficient amount in controversy to trigger diversity jurisdiction. The Second Circuit has held, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity

3

jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994). Here, the Notice of Removal states that the Complaint, "while not enumerating a dollar amount, specifically demands judgment in an amount in excess of the amount set forth in 28 USC [§] 1332(a)[.]". (Notice ¶¶ 7, 15). The Notice also states that "the amount in controversy exceeds the sum or value of $75,000" without providing factual support for this claim. (*Id*. ¶ 8). This is insufficient. *See Brown v. NutriBullet, LLC*, No. 19-CV-5421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (finding that defendants failed to meet their burden where the complaint did not assert a damages amount and the notice of removal asserted only upon information and belief that plaintiffs sought damages in excess of $75,000) (quotations omitted); *Merilon v. Am. Airlines, Inc.*, No. 17-CV-1334L, 2017 WL 1322138, at *2 (E.D.N.Y. Apr. 7, 2017) (same). The Complaint uses largely boilerplate allegations that Plaintiff was "severely injured, bruised and wounded[.]" (Compl. ¶ 20). This does not provide a factual basis for the Court to glean a sufficient amount in controversy either. *Torres*, 2020 WL 7024368, at *3.

The Court notes that Defendants have requested from Plaintiff information on the amount of damages sought. (*See* Demand for Statement of Damages dated Dec. 28, 2021 attached to Notice). "The removal clock would not begin running against Defendant until he received Plaintiff's response to a request pursuant to N.Y. C.P.L.R. § 3017(c)." *Herrera v. Terner*, No. 16-CV-4610, 2016 WL 4536871, at *2 n.1 (E.D.N.Y. Aug. 30, 2016). Under this provision, "the state court, on motion, is [required] to order Plaintiff to respond to a demand for total damages." *Id*. at *2. Despite availing themselves of this procedure, Defendants failed to wait for a response, to include any

4

response to this demand in their notice of removal, or to respond to the Court's Order to Show Cause.

Accordingly, Defendants' allegations are insufficient to support the exercise of federal subject matter jurisdiction. The Court respectfully recommends that the case be remanded to state court.

Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

        SO ORDERED.

        */s/ Sanket J. Bulsara*  February 3, 2022
        SANKET J. BULSARA
        United States Magistrate Judge

Brooklyn, New York

5